UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DERWIN AVERY,<br><br>     Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE ARMY,<br><br>     Defendant. | Case No.:   15-cv-0808   YGR<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Re: Dkt. No. 7 |

The Court has reviewed plaintiff's motion for appointment of counsel. (Dkt. No. 7.) Plaintiff seeks the appointment of counsel due to his lack of legal experience, inability to investigate facts, and lack of financial resources. (Dkt No. 7-2.)

In contrast to criminal proceedings, there generally is no constitutional right to counsel in civil actions. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally … no constitutional right to counsel in a civil case."). In proceedings *in forma pauperis*, the Court has the statutory power only to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This decision of whether to request counsel is within the discretion of the district court and is "granted only in exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). Deciding whether "exceptional circumstances" exist requires an evaluation of the likelihood of plaintiff's success on the merits as well as the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, plaintiff has not demonstrated that exceptional circumstances exist at this stage of the litigation. Plaintiff has been able thus far to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman*, 390 F.3d at 1103. Accordingly, plaintiff's motion

for appointment of counsel is **DENIED WITHOUT PREJUDICE**. The Court notes that if the circumstances of this case materially change, this decision will be reconsidered by the Court on its own motion. If the Court decides that appointment of counsel is later warranted, it will seek volunteer counsel to agree to represent plaintiff *pro bono*. In light of this Order, plaintiff shall have until **August 18, 2015** to file his opposition to defendant's motion to dismiss. Defendant shall file a reply in support of its motion no later than **August 25, 2015**. The hearing previously noticed for September 1, 2015 is hereby reset for **September 8, 2015** at 2:00 p.m. in the Oakland Courthouse, 1201 Clay Street, in Courtroom 1.

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov. The Court also advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. Please visit the Court's website or call the phone numbers listed below for current office hours, forms and policies.

To make an appointment with the Legal Help Center in Oakland, plaintiff may visit the Oakland Courthouse, located 1301 Clay Street, Room 470S, Oakland, or call 415/782-8982.

To make an appointment with the Legal Help Center in San Francisco, plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-8982.

To make an appointment with the Federal Legal Assistance Self-Help Center in San Jose, plaintiff may visit the San Jose Federal Courthouse, located at 280 South 1st Street, 4th Floor, Rooms 4093 & 4095, San Jose, California, 95113, or call 408/297-1480.

This Order Terminates Docket Number 7.

**IT IS SO ORDERED.**

Dated: July 22, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**